# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Edwin Donald Givens, Respondent.

Appellate Case No. 2015-000036

---

Opinion No. 27500
Submitted February 18, 2015 – Filed February 25, 2015

---

## DEFINITE SUSPENSION

---

Lesley M. Coggiola, Disciplinary Counsel, and Joseph P. Turner, Jr., Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

James Emerson Smith, Jr., of James E. Smith Jr., PA, of Columbia, for Respondent.

---

**PER CURIAM:**   In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR).  In the Agreement, respondent admits misconduct and consents to the imposition of a definite suspension of no less than six (6) to no more than nine (9) months. He requests the suspension be imposed retroactively to May 15, 2014, the date of his interim suspension.  In the Matter of Givens, 408 S.C. 181, 758 S.E.2d 505 (2014).  In addition, respondent agrees to complete the Legal Ethics and Practice Program Ethics School within one (1) year of the imposition of a sanction.  We accept the Agreement and suspend respondent from the practice of law in this state for nine (9) months, retroactive to the date of his interim suspension.  The facts, as set forth in the Agreement, are as follows.

## Facts

On May 13, 2014, respondent entered a plea in the United States District Court for the District of South Carolina Columbia Division in which he admitted to committing misprision of a felony in violation of Title 18 U.S.C. § 4. Respondent admitted he had actual knowledge that a federal felony had been committed by another person and that he failed to timely disclose the information to a federal law enforcement officer and affirmatively, actively, and deliberately concealed this information.

The criminal information states that, beginning in or around the summer of 2011 and continuing up to on or about January 13, 2012, respondent had actual knowledge of the commission of federal felony offenses involving the solicitation and receipt of kickbacks by J.P. and the payment of kickbacks by E.R. in connection with the 2011 South Carolina State University homecoming concert and that he failed to disclose this knowledge and took affirmative steps to conceal this information from federal law enforcement agents investigating the matter, both prior to and during a November 14, 2011 interview with agents of the Federal Bureau of Investigation.

On October 3, 2014, respondent was sentenced to probation for a term of six months and given probation credit beginning with the date of his plea on May 13, 2014. Respondent has completed the probation.

Respondent has accepted full responsibility for his conduct, self-reported the matter to ODC, and fully cooperated with the Government in its prosecution of the matter that gave rise to the criminal charges. The Government filed a motion for a downward departure based on respondent's exceptional cooperation. At respondent's sentencing, an Assistant United States Attorney described respondent as "extraordinarily accommodating, cordial, polite, forthcoming and patient" and further stated that she "could not have asked more from a witness."

## Law

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 8.4(a) (it is professional misconduct for lawyer to violate Rules of Professional Conduct); Rule 8.4(b) (it is professional misconduct for lawyer to commit criminal act that reflects adversely on lawyer's honesty, trustworthiness or fitness as lawyer in other

respects); Rule 8.4(c) (it is professional misconduct for lawyer to commit criminal act involving moral turpitude); Rule 8.4(d) (it is professional misconduct for lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation); and Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct prejudicial to administration of justice).

Respondent also admits he has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct) and Rule 7(a)(4) (it shall be ground for discipline for lawyer to be convicted of crime of moral turpitude or serious crime).

## Conclusion

We accept the Agreement for Discipline by Consent and impose a nine (9) month suspension, retroactive to the date of respondent's interim suspension. In the Matter of Givens, supra. Within one (1) year of the date of this opinion, respondent shall complete the Legal Ethics and Practice Program Ethics School and, within ten (10) days after completion of the course, provide certification of his compliance to the Commission on Lawyer Conduct. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR.

**DEFINITE SUSPENSION.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**